UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PHILLIP TARBELL,

        Plaintiff,

-against-

UNITED STATES DEPARTMENT OF INTERIOR,

        Defendant.

CIV.A.7:02-CV-1072 (DEP)

STIPULATION

This stipulation is entered into by the undersigned parties in regard to the above captioned litigation. The Department of Interior is under federal court mandate to review prior decisions concerning the recognition of a tribal government of the Saint Regis Mohawk Tribe. The centerpiece of this review by the Department of Interior is whether a referendum conducted in 1995 resulted in the adoption of a constitution to govern the Saint Regis Mohawk Tribe.

In a letter dated August 20, 2007, Franklin Keel, Director, Eastern Region of the Bureau of Indian Affairs, notified the Tribal Council and the Plaintiffs in this case, that written submissions concerning the governance dispute should be submitted to his office by Thursday, September 13, 2007 and that any rebuttal should be submitted by Monday, September 24, 2007. In the Keel letter a reference was made suggesting that the Bureau of Indian Affairs will make a determination about the validity of the Tribal Court in the context of determining the will of Saint Regis Mohawk tribal members regarding the constitution. This stipulation is submitted in response to the Keel letter.

The undersigned hereby stipulate as follows:

1. The Saint Regis Mohawk Tribal Court System was organized with funding and assistance by the United States Department of Interior to serve as a just and equitable judicial system of the Tribe based on internationally recognized principles and rules for due process and fundamental fairness. The Tribal Court System has an important role in the government of the Tribe by providing an independent judicial forum for the resolution of disputes and the enforcement of the laws of the Tribe.
2. The Saint Regis Mohawk Tribal Court System was established in December of 1994 with the enactment of Tribal Council Resolution ("TCR") 94-f. This TCR

was entitled "An Act Relating to Creation, Authority and Management of the Judicial System of the Saint Regis Mohawk Tribe". Pursuant to the Judiciary Act of 1994, the judicial power of the Saint Regis Mohawk Tribe is vested in the judicial branch of tribal government.
3. The Saint Regis Mohawk Tribal Court has been recognized by United States courts. In the case of Basil Cook Enterprises, Inc v. Saint Regis Mohawk Tribe, 914 F.Supp. 839 (N.D.N.Y. 1996), aff'd 117 F. 3rd 61 (2nd Cir. 1997), the District Court noted, "that although a fledgling court system, the tribal court system of the Saint Regis Indians does exist, and should be afforded the initial opportunity to determine the issues presented in this case".
4. The Department of Interior in various federal court pleadings has on numerous occasions recognized the independent authority of the Tribal Court.
5. In March of this year, the Tribal Council commissioned an independent investigation for the purpose of reviewing the circumstances surrounding TCR 1999-02 and TCR 2000-136, which purported to abolish the Tribal Court System. The findings of this independent investigation were presented to the Tribal Council on or about May 21, 2007. The Tribal Council adopted the findings of the independent investigation and as a result enacted the Judiciary Act of 2007 which rendered null and void TCR 99-02 and TCR 2000-136. In addition the Judiciary Act of 2007 provided that in order to preserve the independence of the Tribal Court and to prevent the Tribal Court from being used for political purposes, hereinafter, all disputes or disagreements concerning the form of governance which is employed to govern the St. Regis Mohawk Tribe shall hereinafter be determined by the enrolled members of the Tribe through a ballot referendum.
6. Consistent with the findings of the independent investigation and the Judiciary Act of 2007, the authority of the Tribal Court has been continuous since its establishment in 1994. Since its inception, various legal proceedings filed in the Tribal Court challenging its validity, source of governmental authority, and election of judges, including litigation over the validity of TCR 1999-02, have culminated in final decisions upholding the Tribal Court and election and authority of the judges. A referendum conducted in 2005 reaffirmed the commitment of the enrolled members of the Tribe to the Tribal Court System.
7. While the validity and authority of the Tribal Court is hereby acknowledged, the parties disagree as to the various decisions of the Tribal Court which pertain to the issue of the validity of the 1995 referendum to adopt a constitution; and this Stipulation shall not be considered an admission as to the issue of whether the constitution was validly approved by the Tribe.

September 10, 2007

By: _____
    Chief Lorraine White


By: _____
    Chief Barbara Lazore


By: _____
    Chief James Ransom


By: _____
    Phillip Tarbell